PREET BHARARA
United States Attorney for the
Southern District of New York
By: LEIGH WASSERSTROM
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-3274
Facsimile: (212) 637-2786
E-mail: leigh.wasserstrom@usdoj.gov



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------x

IN RE:                                          :

                                                :

LETTER OF REQUEST FOR                           :
INTERNATIONAL JUDICIAL                          :
ASSISTANCE FROM THE TENTH                       :
COURT OF IZMIR, TURKEY                          :
IN THE MATTER OF EBRU BALKIS                    :
v. CEM BALKIS                                   :

----------------------------------------------------x

APPLICATION FOR AN
*EX PARTE* ORDER PURSUANT
TO 28 U.S.C. § 1782(a)

M 19-76

     Upon the accompanying declaration of Leigh Wasserstrom, executed on July 1,

2015, the United States of America, by its attorney, Preet Bharara, United States Attorney for the

Southern District of New York, petitions this Court for an order pursuant to 28 U.S.C. § 1782(a),

appointing Leigh Wasserstrom, Assistant United States Attorney, as Commissioner for the

purpose of obtaining information as requested by a letter of request for International Judicial

Assistance from the Tenth Court of Izmir, Turkey, seeking information from Buse Unal, in New

Rochelle, New York, in connection with a proceeding pending in that court captioned "Ebru

Balkis v. Cem Balkis."

Dated:      New York, New York
            July 1, 2015

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York

            By:      _____
                              LEIGH WASSERSTROM
                              Assistant United States Attorney
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Tel:   (212) 637-3274
                              Fax:   (212) 637-2786
                              Email: leigh.wasserstrom@usdoj.gov

PREET BHARARA
United States Attorney for the
Southern District of New York
By: LEIGH WASSERSTROM
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-3274
Facsimile: (212) 637-2786
E-mail: leigh.wasserstrom@usdoj.gov

COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

IN RE:                                                    :          DECLARATION OF
                                                          :          LEIGH WASSERSTROM
LETTER OF REQUEST FOR                                     :
INTERNATIONAL JUDICIAL                                    :          M 19-76
ASSISTANCE FROM THE TENTH                                 :
FAMILY COURT OF IZMIR, TURKEY                             :
IN THE MATTER OF EBRU BALKIS                              :
v. CEM BALKIS                                             :

-------------------------------------------------------x

I, Leigh Wasserstrom, pursuant to 28 U.S.C. § 1746, declare as follows:

1.       I am an Assistant United States Attorney in the Office of the United States

Attorney for the Southern District of New York, counsel for the United States of America (the

"Government"). I make this declaration upon information and belief based upon the attached

exhibits and communications with personnel in the United States Department of Justice, to which

a letter of request has been transmitted for execution. I make this declaration in support of the

Government's request, pursuant to 28 U.S.C. § 1782(a),[1] for an order appointing me as a

Commissioner for the purpose of obtaining information from Buse Unal.

---

[1]   Section 1782(a) provides, in pertinent part, as follows:

The district court of the district in which a person resides or
is found may order him to give his testimony or statement or to
produce a document or other thing for use in a proceeding in a

2.      In connection with a proceeding captioned "Ebru Balkis v. Cem Balkis," and pending in the Tenth Family Court of Izmir, Turkey (the "Turkish Court"), the Turkish Court issued a letter of request seeking information from Buse Unal.  A true and correct copy of the letter of request is attached hereto as Exhibit A.

3.      An undated draft of a subpoena addressed to Buse Unal, 46 Locust Avenue New Rochelle, New York 10801, which the Government intends to serve upon my appointment as Commissioner, is attached hereto as Exhibit B.

4.      To assist the Turkish Court in obtaining the requested information, I respectfully request that this Court appoint me as Commissioner as proposed in the *ex parte* order attached hereto as Exhibit C.  No previous application for the relief sought herein has been made.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

WHEREFORE, the United States respectfully requests that this Court enter the

---

foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.   To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

attached Order.

Dated: New York, New York
        July 1, 2015

_____
LEIGH WASSERSTROM
Assistant United States Attorney

3

# EXHIBIT A

**TURKISH EMBASSY**
WASHINGTON, D.C.

2015/95505191-Vaşington BE/7817896

The Embassy of the Republic of Turkey presents its compliments to the U.S. Department of Justice and has the honor to enclose herewith documents, transmitted by the Turkish Ministry of Justice on behalf of 10th Family Court of İzmir (File No: 2014/516), seeking judicial assistance in the case involving "Buse Ünal".

The said court requests to receive the information mentioned in the attached letter rogatory. The Department of Justice is kindly requested to intercede with the appropriate U.S.authorities in order to enable the provision of the aforementioned judicial assistance.

The Embassy of the Republic of Turkey avails itself of this opportunity to renew to the U.S. Department of Justice the assurances of its highest consideration

April 28, 2015

U.S. Department of Justice
Office of Foreign Litigation
1100 L Street,
Washington, D.C. 20530

MAY 1 5 2015

189-25-15 (40)

T.C.
İZMİR
10.AİLE MAHKEMESİ

ESAS NO: 2014/516

AMERİKA BİRLEŞİK DEVLETLERİ
YETKİLİ ADLİ MAKAMINA

DAVACI     : EBRU BALKIŞ vekili tarafından
DAVALI     : CEM BALKIŞ aleyhinde

Mahkememizde görülmekte olan Evlilik Birliğinin Temelinden Sarsılması nedeniyle Boşanma davasında yapılan yargılamada verilen ara karar gereğince,

Davacı-Karşı Davalı vekilinin mahkememize sunmuş olduğu 23.01.2015 havale tarihli delil listesinde dava ile ilgili tanığının olduğunu beyan ederek, bu tanığın Amerika Birleşik Devletleri'nde ikamet etmesi nedeniyle istinabe yoluyla dinlenmesini talep ettiği,

Mahkememiz dosya kapsamında yapmış olduğu inceleme sonucu, davacı vekilinin talebini kabul ederek, Davacı-Karşı Davalı vekilinin bildirdiği, **Tanık: BUSE ÜNAL'** ın **(46 Locust Avenue New Rochelle Newyork 10801 ABD)** adresinde ikamet etmesi nedeniyle olayla ilgili bilgi ve görgüsünün tespitine karar verilmiş olup,

Bu nedenle aşağıda kimlik bilgisi ve ikamet adresi yazılı tanığın mahkemenize davet edilerek geldiğinde,

Öncelikle kimliğinin tespit edilip, tanıklık yapıp yapmayacağı hususunun kendisine sorulmasına,

Tanıklık yapacak ise ekte gönderilen tanık haklarına ilişkin yasa maddelerinin kendisine okunarak haklarının hatırlatılmasına,

Ayrıca aşağıda maddeler halinde yazılı soruların kendisine sorularak cevaplandırılmasının istenmesine,

Konu hakkında tanzim edilecek olan tutanağın onaylı bir suretinin mahkememize gönderilmesi,

RİCA,

Bu vesileyle yardımlarınız için teşekkür eder. Saygılar sunarım.26/02/2015

Semra KAPTAN
0.232.441 26 26
Bilirkişi-Yeminli Tercüman

HAKİM 32442
MUSTAFA ÇOKKEÇECİ

## TANIĞA AİT BİLGİLER                    :

**ADI SOYADI**                    : BUSE ÜNAL
**İKAMET ADRESİ**            : 46 Locust Avenue New Rochelle Newyork 10801 ABD

## CEVAPLANDIRILMASI İSTENEN SORULAR

1- Tarafları (davacı ve davalıyı) ne zamandan beri tanımaktadır, sıkça görüştükleri bir kişi midir?

2- Tarafların Fransa'da yaşadıkları dönemdeki ekonomik durumları hakkında bilgisi var mıdır? Yaşadıkları evi bilmekte midir, ev eşyaları konusunda bilgisi var mıdır? (Davalı Cem, davacının ev eşyalarına yüklü harcamalar yaptırdığını iddia etmiştir.)

3- Davacı Ebru hanımın Fransızca'ya hakimiyeti, günlük hayatta kendi ihtiyaçlarını karşılayabilecek durumda olup olmadığı hakkında bilgisi var mıdır?

4- Davalı Cem'in her gün alkol aldığı konusunda bilgisi var mıdır, görüştükleri zamanlarda davalıyı alkol alırken görmüş müdür?

5- Davacı Ebru'nun Türkiye'ye dönme nedeninin ne/neler olduğunu bilmekte midir?

Semra KAPTAN
0.232.441 26 26
Bilirkişi-Yeminli Tercüman

TÜRK HUKUK MUHAKEMELERİ KANUNU

DÖRDÜNCÜ BÖLÜM
Tanık

**Tanığın davet edilmesi**
MADDE 243- (1) Tanık davetiye ile çağrılır. Ancak, davetiye gönderilmeden taraflarca hazır bulundurulan tanık da dinlenir. Şu kadar ki, tanık listesi için kesin süre verildiği ve dinlenme gününün belirlendiği hâllerde, liste verilmemiş olsa dahi taraf, o duruşmada hazır bulundurursa tanıkları dinlenir.

(2) Davetiyenin duruşma gününden en az bir hafta önce tebliğ edilmiş olması gerekir. Acele hâllerde tanığın daha önce gelmesine karar verilebilir.

(3) Tanığı davet, gerektiğinde telefon, faks, elektronik posta gibi araçlardan yararlanılmak suretiyle de yapılabilir. Ancak, davete rağmen gelmemeye bağlanan sonuçlar, bu durumda uygulanmaz.

**Davetiyenin içeriği**
MADDE 244- (1) Tanıklara gönderilecek davetiyede;
a) Tanığın adı, soyadı ve açık adresi,
b) Tarafların ad ve soyadları,
c) Tanıklık yapacağı konu,
ç) Hazır bulunması gereken yer, gün ve saat,
d) Gelmemesinin veya gelmesine rağmen tanıklıktan ya da yemin etmekten çekinmesinin hukuki ve cezai sonuçları,
e) Adalet Bakanlığınca hazırlanan tarife gereğince ücret ödeneceği,
yazılır.

**Çağrıya uyma zorunluluğu**
MADDE 245- (1) Kanunda gösterilen hükümler saklı kalmak üzere, tanıklık için çağrılan herkes gelmek zorundadır. Usulüne uygun olarak çağrıldığı hâlde mazeret bildirmeksizin gelmeyen tanık zorla getirilir, gelmemesinin sebep olduğu giderlere ve beşyüz Türk Lirasına kadar disiplin para cezasına hükmolunur. Zorla getirtilen tanık, evvelce gelmemesini haklı gösterecek sebepleri sonradan bildirirse, aleyhine hükmedilen giderler ve disiplin para cezası kaldırılır.

**Tanığa soru kâğıdı gönderilmesi**
MADDE 246- (1) Hâkim gerekli görülen hâllerde, sözlü olarak dinlenmesi yerine, belirlenecek süre içinde cevaplarını yazılı olarak bildirmesi için tanığa soru kâğıdı gönderilmesine karar verebilir. Bu şekilde işlem yapılması, tanığın vereceği cevabın hükme yeterli olup olmadığı hususunu hâkimin takdir etmesine engel olamaz. Hâkim, verilen yazılı cevapların yetersiz olması hâlinde, tanığı dinlemek üzere davet edebilir.

**Tanıklıktan çekinme hakkı**
MADDE 247- (1) Kanunda açıkça belirtilmiş olan hâllerde, tanık olarak çağrılmış bulunan kimse, tanıklık yapmaktan çekinebilir.

(2) Kişisel nedenlerle tanıklıktan çekinme sebeplerinin varlığı hâlinde, hâkim tanık olarak çağrılmış kimsenin çekinme hakkı bulunduğunu önceden hatırlatır.

Semra KAPTAN
0.232.441 26 26
Bilirkişi-Yeminli Tercüman

### Kişisel nedenlerle tanıklıktan çekinme

**MADDE 248-** (1) Aşağıdaki kimseler tanıklıktan çekinebilirler:

a) İki taraftan birinin nişanlısı.

b) Evlilik bağı ortadan kalkmış olsa dahi iki taraftan birinin eşi.

c) Kendisi veya eşinin altsoy veya üstsoyu.

ç) Taraflardan biri ile arasında evlatlık bağı bulunanlar.

d) Üçüncü derece de dâhil olmak üzere kan veya kendisini oluşturan evlilik bağı ortadan kalkmış olsa dahi kayın hısımları.

e) Koruyucu aile ve onların çocukları ile koruma altına alınan çocuk.

### Sır nedeniyle tanıklıktan çekinme

**MADDE 249-** (1) Kanun gereği sır olarak korunması gereken bilgiler hakkında tanıklığına başvurulacak kimseler, bu hususlar hakkında tanıklıktan çekinebilirler. Ancak, 19/3/1969 tarihli ve 1136 sayılı Avukatlık Kanunu hükmü saklı kalmak üzere sır sahibi tarafından sırrın açıklanmasına izin verildiği takdirde, bu kimseler tanıklıktan çekinemezler.

### Menfaat ihlali tehlikesi nedeniyle tanıklıktan çekinme

**MADDE 250-** (1) Aşağıdaki hâllerde tanıklıktan çekinilebilir:

a) Tanığın beyanı kendisine veya 248 inci maddede yazılı kimselerden birine doğrudan doğruya maddi bir zarar verecekse.

b) Tanığın beyanı kendisinin veya 248 inci maddede yazılı kimselerden birinin şeref veya itibarını ihlal edecek ya da ceza soruşturmasına veya kovuşturmasına sebep olacaksa.

c) Tanığın beyanı, meslek veya sanatına ait olan sırların ortaya çıkmasına sebebiyet verecekse.

### Tanıklıktan çekinme hakkının istisnaları

**MADDE 251-** (1) 248 ve 249 uncu maddeler ile 250 nci maddenin (a) bendindeki hâllerde;

a) Bir hukuki işlemin yapılması sırasında tanık olarak bulundurulmuş olan kimse o işlemin esası ve içeriği hakkında,

b) Aile bireylerinin doğum, ölüm veya evlenmelerinden kaynaklanan olaylar hakkında,

c) Aile bireyleri arasında, ailevi ilişkilerden kaynaklanan mali uyuşmazlıklara ilişkin vakıalar hakkında,

ç) Taraflardan birinin hukuki selefi veya temsilcisi olarak kendisinin yaptığı işler hakkında,

tanıklıktan çekinilemez.

### Tanığın kimliğinin tespiti

**MADDE 254-** (1) Dinleme sırasında öncelikle tanıktan adı, soyadı, doğum tarihi, mesleği, adresi, taraflarla akrabalığının veya başka bir yakınlığının bulunup bulunmadığı, tanıklığına duyulacak güveni etkileyebilecek bir durumu olup olmadığı sorulur.

Semra KAPTAN
0.232.441 26 26
Bilirkişi-Yeminli Tercüman

**Tanığa görevinin önemini anlatma**
MADDE 256- (1) Tanığa dinlenmeden önce;
a) Gerçeği söylemesinin önemi,
b) Gerçeği söylememesi hâlinde yalan tanıklık suçundan dolayı cezalandırılacağı,
c) Doğruyu söyleyeceği hususunda yemin edeceği,
ç) Duruşmada mahkeme başkanı veya hâkimin açık izni olmadan mahkeme salonunu terk edemeyeceği ve gerekirse diğer tanıklarla yüzleştirilebileceği,
anlatılır.

**Tanıkların mahkemede dinlenilmesi**
MADDE 259- (1) Tanıklar davaya bakan mahkemede dinlenir.
(2) Mahkeme, gerçeğin ortaya çıkması için gerekliyse, tanığın olayın gerçekleştiği veya şeyin bulunduğu yerde dinlenilmesine karar verebilir.
(3) Mahkeme, hasta veya özürlü olmasından dolayı gelemeyen tanığı bulunduğu yerde dinler.
(4) Mahkemenin yargı çevresi dışında bulunan tanığın, bulunduğu yer mahkemesi tarafından dinlenmesine karar verilebilir. İstinabe yolu ile dinlenilmesine karar verilen tanığın, nerede, hangi gün ve saatte dinleneceği hususu, talepleri hâlinde taraflara tebliğ edilir. Bu durumda, tanığın, hangi hususlardan dolayı dinleneceğini hâkim belirler.

Semra KAPTAN
0.232.441 26 26
Bilirkişi-Yeminli Tercüman

REPUBLIC OF TURKEY
İZMİR
10th FAMILY COURT

DOCKET NO: 2014/516

TO THE COMPETENT JUDICIAL AUTHORITY OF<br>
UNITED STATES OF AMERICA

PLAINTIFF      : EBRU BALKIŞ by her counsel
DEFENDANT   : against CEM BALKIŞ

According to the interlocutory sentence given in the judgment of the Divorcement case due to the Breakdown of Marriage which was being carried out in our court,

The plaintiff's counsel stated in his 23.01.2015 dated evidence list which he had submitted to our court that he had had a witness about the case and he requested this witness to be listened by deposition since he had been residing in the United States of America,

In the end of the examination within the scope of the case, our court accepted the request of the plaintiff's counsel and judged to determine the knowledge and the eye-witness of **The Witness: BUSE ÜNAL** whom had been stated by the plaintiff's counsel as a witness wherefore she had been residing at (46 Locust Avenue New Rochelle Newyork 10801 USA),

Therefore when the witness whose credentials and residing adress had been written below had come to our court upon invitation,

IT IS REQUESTED

To make her identification first and to be asked whether she would attested or not,

If she would, the attached law articles about the rights of the witnesses to be read and reminded to her,

In addition, the following itemized questions to be asked her and requested to be replied,

A certified copy of the report which would be assigned about the subject to be sent to our court.

---

This document has been translated
from the original - Turkish to English by me
(İşbu belge Türkçe aslından İngilizce'ye
tarafımdan çevrilmiştir.)
(Adli Mütercim-Bilirkişi)
JUDICIAL TRANSLATOR – EXPERT
SEMRA KAPTAN

The signature of the translator is approved
(Tercümanın imzası onaylanır.)
Judge (Hakim) 32442
MUSTAFA ÇOKKEÇECİ

On this wise I thank you for your assistance, very truly yours. 26/02/2015

JUDGE 32442
MUSTAFA ÇOKKEÇECİ

INFORMATION ABOUT THE WITNESS    :

NAME AND SURNAME        : BUSE ÜNAL
RESIDING ADDRESS        : 46 Locust Avenue New Rochelle Newyork 10801 USA

THE QUESTIONS REQUESTED TO BE ANSWERED

1- How long she had known the parties (the plaintiff and the defendant), do they meet frequently?

2- Does she have any knowledge about the economical status of the parties when they had lived in France? Does she know their home, does she know their household goods? (The Defendant Cem claimed that the plaintiff had made him to spent so much on household goods.)

3- Does she know something about the command of France of the plaintiff Mrs Ebru and whether she had known enough for meeting her needs in daily life?

4- Does she know something about if the defendant Cem had taken alcohol every day, have she seen the defendant while getting alcohol when they had met?

5- Does she know the reason/reasons why the plaintiff Ebru had returned to Turkey?

---

This document has been translated
from the original - Turkish to English by me
(İşbu belge Türkçe aslından İngilizce'ye
tarafımdan çevrilmiştir.)
        (Adli Mütercim-Bilirkişi)
JUDICIAL TRANSLATOR – EXPERT
    SEMRA KAPTAN

The signature of the translator is approved
(Tercümanın imzası onaylanır.)
    Judge (Hakim) 32442
MUSTAFA ÇOKKEÇECİ

## TURKISH CODE OF CIVIL PROCEDURE

### FOURTH PART
### Witness

**Summoning witness**

**ARTICLE 243-** (1) Witnesses shall be invited to courts by summons. However, witness who appears at court without summons shall also be listened. In so far as, even no list is given in case of circumstances that definite time is given for witness list and hearing day is designated, if party appears in hearing, witnesses are listened.

(2) Summons shall be delivered at least one week prior to hearing day. In case of immediate situations, it shall be decided to call witness earlier.

(3) summons may also be served by communication means such as telephone, fax and electronic mail. However, in such cases, legal consequences of a summons are not applicable.

**Content of subpoena**

**ARTICLE 244-** (1) At the subpoenas to be sent to witnesses,

a) Name, surname and full address of witness,

b) Name surname of parties,

c) subject of witness-stand,

ç) Place, date and time to appear,

d) legal and penal consequences in case of absence or refraining from testimony or oath,

e) payment of fee according to tariff prepared by Ministry of Justice,

are written

**Obligation to appear**

**ARTICLE 245-** (1) Everyone who are called for witness shall appear without prejudice to provisions of law. Witnesses, who fail to appear after having been summoned according to

---

This document has been translated
from the original - Turkish to English by me
(İşbu belge Türkçe aslından İngilizce'ye
tarafımdan çevrilmiştir.)
    (Adli Mütercim-Bilirkişi)
JUDICIAL TRANSLATOR – EXPERT
    SEMRA KAPTAN

The signature of the translator is approved
(Tercümanın imzası onaylanır.)
        Judge (Hakim) 32442
        MUSTAFA ÇOKKEÇECİ

regular procedural rules without notifying the reason of their absence, shall be subpoenaed by the use of force and shall be subject to a restitutation covering the losses of failing to appear, and up to 500 TL amount shall be paid by him as disciplinary fine.  If t he subpoened witness submits the reasons of his failing to appear subsequently, the decision on paying the expenditures and disciplinary fine shall be lifted.

### Sending question form to witness

ARTICLE 246- (1) Judge can decide to send question form to the witness in order to notify answers in written within specified time, rather than listening of witness at hearing. İn this case, this does not cause prevention of judge to decide if answer is sufficient or not for decree.  In case of insufficient answers, Judge can invite witness to listen.

### Refraining from testimony

ARTICLE 247- (1) In the circumstances expressly mentioned in law, the subpoenaed person may use the privilege to not testify as a witness.

(2) In case of presence of the personal reasons to refrain from testimony, the judge reminds the subpoenaed person has right to refrain from testimony beforehand.

### Refraining from testimony with personal reasons

ARTICLE 248- (1) The  following persons may use the  privilege to not testify as a witness:

a) The fiancée  of any party.

b) The  husband  or  wife  of  either  parties,  even  if  the  link  of  marriage  is  not existing at that time,

This document has been translated
from the original - Turkish to English by me
(İşbu belge Türkçe aslından İngilizce'ye
tarafımdan çevrilmiştir.)
(Adli Mütercim-Bilirkişi)
JUDICIAL TRANSLATOR – EXPERT
SEMRA KAPTAN

The signature of the translator is approved
(Tercümanın imzası onaylanır.)
Judge (Hakim) 32442
MUSTAFA ÇÖKKEÇECİ

c) Persons related to either party in the assending or dissending direct line.

ç) Persons having a relationship to the party by virtue of adoption.

d) Persons lineally related to the party within three degrees even if the link of marriage is not existing at that time, or by blood relationship

e) protective family and their children and protected child.


**Refraining from testimony because of secret**

**ARTICLE 249-** (1) Persons who apply for testimony about information legally protected as secret shall refrain from testimony about these information. However in case secret owner shall allow to disclose the secret, these persons shall not refrain from testimony without prejudice to Legal Practitioners Act with date 19/3/1969 and number 1136.


**Refraining from testimony because of conflict of interest**

**ARTICLE 250-** (1) The persons may use the privilege to not testify as a witness in case of following circumstances:

a) In case of any direct monetary damage from the declaration of witness to himself or to person written in article 248.

b) In case of breach of honor or reputation of him or any persons written in article 248 from the declaration of witness or causing legal prosecution or investigation to him or any persons written in article 248 .

c) In case declaration of witness causes disclosure of professional or art secrets of witness.


**Exemption of right to refrain from testimony**

**ARTICLE 251-** (1) In case of circumstances mentioned in articles 248 and 249 and article 250 paragraph (a);

---

This document has been translated from the original - Turkish to English by me (İşbu belge Türkçe aslından İngilizce'ye tarafımdan çevrilmiştir.)
(Adli Mütercim-Bilirkişi)
JUDICIAL TRANSLATOR – EXPERT
SEMRA KAPTAN

The signature of the translator is approved (Tercümanın imzası onaylanır.)
Judge (Hakim) 32442
MUSTAFA ÇOKKEÇECİ

a) about principle and content of proceeding for person who appears as witness at the moment of legal proceeding.

b) about matters caused by birth, death or marriage of family members,

c) about matters related to financial disputes to be caused by family relations between family members,

ç) about works made by legal predecessor, or representative of either party,

shall not refrain from testimony.

### Determination of identity of witness

ARTICLE 254- (1) At the moment of hearing, it is asked to witness, the name surname, birth date, occupation, address, relation to parties or if there is another relation, any condition affecting trust to his testimony.

### Explanation of importance of his/her duty to witness

ARTICLE 256- (1) before listening witness; it is told

a) Importance of telling truth,

b) s/he can be punished because of penalty of perjury in case s/he does not tell the truth,

c) s/he swear about telling the truth,

ç) s/he cannot leave court room without permission of court president or judge at hearing and s/he can face with other witnesses if necessary,

### listening witnesses at court

ARTICLE 259- (1) Witnesses are listened at the court hearing the case

(2) Court can decide to listen witness at the place where incident occured or thing is found if necessary for finding out the truth.

---

This document has been translated from the original - Turkish to English by me (İşbu belge Türkçe aslından İngilizce'ye tarafımdan çevrilmiştir.)
(Adli Mütercim-Bilirkişi)
JUDICIAL TRANSLATOR – EXPERT
SEMRA KAPTAN

The signature of the translator is approved (Tercümanın imzası onaylanır.)
Judge (Hakim) 32442
MUSTAFA GÖKKEÇECİ

(3) Court listens witness who cannot come because s/he is sick or disabled at his /her place.

(4) Court can decide to listen witness who is beyond the jurisdiction of court by the Court where witness resides. In this case, it is notified to witness at where, on which day and time s/he will be listened, and demands. In this case, judge determines for which reasons the witness is listened.

This document has been translated
from the original - Turkish to English by me
(İşbu belge Türkçe aslından İngilizce'ye
tarafımdan çevrilmiştir.)
(Adli Mütercim-Bilirkişi)
JUDICIAL TRANSLATOR – EXPERT
SEMRA KAPTAN

The signature of the translator is approved
(Tercümanın imzası onaylanır.)
Judge (Hâkim) 32442
MUSTAFA ÇOKKEÇECİ

Avukat
**Salih Tuncay ÇAMİÇİ**
İzmir Barosu & Sicil No:3261
593/1 Sk.No:67 Müzeyyen Hanım Apt.B Blk D:7 Bayraklı İzmir.
Tel & Fax.0.232.461 13 43.

## İZMİR 10.AİLE MAHKEMESİ HAKİMLİĞİ'NE

**Dosya No: 2014/516.E.**

| | |
|---|---|
| BEYANDA BULUNAN | |
| DAVALI-K.DAVACI | :CEM BALKIŞ. |
| VEKİLİ | :Av.S.TUNCAY ÇAMİÇİ. |
| DAVALI | :EBRU BALKIŞ. |
| VEKİLİ | :Av.FATİH TOKSAL & Av.ELVAN AKKAYA AZAT. |
| KONUSU | : Davacı-karşı davalı tarafın 11.2.2015 günlü dilekçesine karşı ve tanık Buse Ünal a sorulması istenen soruların bildirilmesi. |

Davacı tarafın tanığı Buse Ünal a sorulması istenen sorular:

1) Fransa da ne kadar süre bulundu?

2) Cem Balkış'ı ne kadar zamandır ve ne kadar tanımaktadir?

3) Fransa da kaldığı sürede Cem Balkış ile kaç kez görüştüğü ve görüşmelerinin ne kadar zaman sürdüğü?

4) Ebru hanım ve Cem bey arasında geçen her hangi bir tartışmaya şahit oldumu? Şahit olduysa, hangi konudadır ve ne tür bir diyaloğa şahit olmuştur? Tartışma olduysa Cem beyin konuşma uslubu ile Ebru hanımın üslubu nasıldı?Hangisi daha kibar ve alttan alarak konuşmuştur?.

5) Maddi olayları ve Ebru hanımın kendisine anlattıkları dışında taraflar arasındaki Boşanmayı, gerektiren bir tartışmaya şahit olmuş mudur? Cem Balkış'ı konuşmalar içindeki tutumu nedir?Boşanmayı gerektiren ve bir harekete ve sözi şahit olmuşmudur? Görüştükleri birkaç sefer ışığında Cem Balkış ile ilgili izlenimleri nelerdir? Tavrı,tarzı,konuşma uslubu , kibarlığı ve misafirperverliği ile ilgili gördüklerinin neler olduğunun sorulması?

6) Cem Balkış ile görüştüğü süre zarfında Cem beyin evliliğini maddi durumu veya Ebru Hanım ile ilgili bir yakınma veya sızlanmasını duymuş mudur? Olmuş ise hangi ifadeleri kullanmıştır.? Taraflar arasında sorun olup olmadığını , aile içi sorunları Cem beyin ağzından veya Ebru hanımın ağzından dinlemiş midir?

7) Cem Balkış ' ı alkol alırken gördüğü her ortam betimlemesini ve hangi ortamlarda alkol aldığı anlatmasını talep ediyoruz.

8) Cem Balkış ' ı sarhoş olacak kadar ve ailesini ve kendini maddi sıkıntıya sokacak kadar alkol.ve alkol bağımlısı olacak.kadar alkol aldığını görmüş müdür.?

9) Tanık içki kullanmakta mıdır? Kullanıyor ise ne sıklıkta ve ne miktarı kullandığının, Cem Balkış'ın kullandığı miktarın günlük hayatta çok sayılıp.sayılmayacağı için han gib içkişi kaş kadeh aldığının sorulması.

10)Ebru hanımın,Fransızca konuşma seviyesinin ne olduğunu,düzeyi,Fransısa da ikamet izni alacak düzeyde hakimiyetinin olup olmadığı ve bu soruya verdiği cevaptaki kanısını hangi şartlarda sınama ve değerlendirme şansı bulmuştur ve bu değerlendirmeyi bilgi düzeyindeki eğitimi ve hangi sıfat ve ünvanla yapabilmektedir.? Saygılarımızla.05.03.2015.

Davalı-K.Davacı Cem Balkış .Vekili.
Av.S.TUNCAY ÇAMİÇİ.

**Attorney**
**Salih Tuncay ÇAMİÇİ**
**İzmir Bar & Register No:3261**
**1593/1 Str. No:67 Müzeyyen Hanım Apt. B Block F:7 Bayraklı İzmir**

## TO 10. FAMILY COURT OF İZMİR

**File No: 2014/516.E.**

| | |
|---|---|
| DECLARENT | |
| DEFENDANT-COUNTER PLAINTIFF | : CEM BALKIŞ |
| ATTORNEY | : Att. S. TUNCAY ÇAMİÇİ |
| DEFENDANT | : EBRU BALKIŞ |
| ATTORNEY | : Att. FATİH TOKSAL & Att. ELVAN AKKAYA AZAT |
| CASE | : Submitting the questions to be asked Buse Ünal the witness against 11.2.2015 dated petition of plaintiff-counter defendant. |

Questions to be asked Buse Ünal:

1- How long has she been in France?
2- How long and how much has she known Cem Balkış?
3- When she lived in France, how many times has she met with Cem Balkış and how long has these meetings taken?
4- Has she witnessed any quarrels between Ms.Ebru and Mr.Cem? If she has, what was it about and what kind of a dialogue has she witnessed? If there had been a quarrel, hoow was the speaking genre of Mr.Cem and Ms.Ebru? Which of them has spoken more kindly and humourly?
5- Has she witnessed any quarrel that necessitated a divorce between th parties except the material events and the things that Ms.Ebru had told to her? What was the manner of Cem Balkış in those conversations? Has she witnessed any word or action that necessitated the divorce? In light of their several meetings, what are her impressions about Cem Balkış? What has she seen about his manner, style, speech, courtesy and hospitality?
6- During her meetings with Cem Balkış, has she ever heard any plaints or complainings from Mr.Cem about financial situation of his marriage and about Ms.Ebru? If she has, which statements has he used? Has she listened to either Mr.Cem or Ms.Ebru that ever there had been problems among the parties or family problems?
7- We request from her to describe Cem Balkış while he was drinking alcohol in every occasion where she had seen and in which occasions he had drunk alcohol?

---

This document has been translated
from the original - Turkish to English by me
(İşbu belge Türkçe aslından İngilizce'ye
tarafımdan çevrilmiştir.)
(Adli Mütercim-Bilirkişi)
JUDICIAL TRANSLATOR – EXPERT
SEMRA KAPTAN

The signature of the translator is approved
(Tercümanın imzası onaylanır.)
Judge (Hakim) 32442
MUSTAFA GÖKKEÇECİ

8- Has she ever seen Cem Balkış while drinking alcohol so far as getting drunk, putting into financial troubles his family and himself and being alcohol addict?

9- Does the witness use drinks? If she does, it should be asked how often and how much does she use; how many glasses does Cem Balkış drink in order to determine whether it can be deemed a lot in daily life?

10- What is the speaking level of French of Ms.Ebru? Does she have the command of use at the sufficient level to get residence permit in France and in which conditions has she got the chance to test and evaluate her opinion about her answer to that question? And with which education level, capacity and poisition could she made this evaluation?

Yours sincerely. 05.03.2015.

Attorney of Defendant-Counter Plaintiff Cem Balkış
Att. S.TUNCAY ÇAMİÇİ

---

This document has been translated
from the original - Turkish to English by me
(İşbu belge Türkçe aslından İngilizce'ye
tarafımdan çevrilmiştir.)
(Adli Mütercim-Bilirkişi)
JUDICIAL TRANSLATOR – EXPERT
SEMRA KAPTAN

The signature of the translator is approved
(Tercümanın imzası onaylanır.)
Judge (Hakim) 32442
MUSTAFA ÇOKKEÇECİ

EXHIBIT B

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| IN RE:  LETTER ROGATORY FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE TENTH FAMILY COURT OF IZMIR, TURKEY, IN THE MATTER OF EBRU BALKIS V. CEM BALKIS | )<br>)<br>)<br>)<br>)<br>) | Civil Action No.    M 19-76 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Buse Unal
   46 Locust Avenue, New Rochelle, NY 10801

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:  The matters to be covered during the deposition are set forth in the Execution Affidavit attached hereto as Rider A. If you complete the Execution Affidavit, sign the last page before a notary public, and return it to the Assistant United States Attorney below on or before  __, 2015, you may not need to appear for the deposition.

| Place:  U.S. Attorney's Office, Southern District of New York<br>       86 Chambers Street, 3rd Floor, New York, NY 10007 | Date and Time: |
|---|---|

The deposition will be recorded by this method:   Stenography

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Document and information pursuant to the Execution Affidavit attached hereto as Rider A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   U.S.A. on behalf of the Tenth Family Court of Izmir, Turkey _____ , who issues or requests this subpoena, are:

Leigh Wasserstrom, Assistant United States Attorney, U.S. Attorney's Office for the Southern District of New York, 86 Chambers Street, 3rd Floor, New York, NY 10007.  Email:  leigh.wasserstrom@usdoj.gov.  Tel.:  212-637-3224

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   M 19-76

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   American Express Travel Related Services Co. Inc.

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Rider A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
IN RE:                                              :
                                                    :
LETTER OF REQUEST FOR                               :
THE TENTH FAMILY COURT                              :        File Nos: 189-25-15-40/2015V01152
OF IZMIR, TURKEY, IN THE                            :
MATTER OF EBRU BALKIS v.                            :
CEM BALKIS                                          :
-----------------------------------------------------x

COPY

## EXECUTION AFFIDAVIT OF LETTER OF REQUEST

    I, Buse Unal, state under oath:

    I have been furnished by the United States Attorney for the Southern District of New

York with a copy of a letter of request, issued pursuant to the Hague Convention on the Taking

of Evidence Abroad in Civil and Commercial Matters.  The letter of request seeks information

relating to a civil case captioned "Ebru Balkis v. Cem Balkis," and pending before the Court of

Izmir, Turkey.

    The following are my responses to the questions contained in the letter of request.  These

responses are based upon personal knowledge.

<u>The Questions Requested to be Answered dated 26/02/2015</u>

<u>Request 1:</u>

How long had she known the parties (the plaintiff and the defendant), do they meet frequently?

<u>Response to Request 1:</u>

<u>Request 2:</u>

Does she have any knowledge about the economic status of the parties when they lived in France?  Does she know their home: does she know their household goods?  (The Defendant Cem claimed that the plaintiff had made him spend so much on household goods.)

<u>Response to Request 2:</u>

<u>Request 3:</u>

Does she know something about the command of France of the plaintiff Mrs. Ebru and whether she had known enough for meeting her needs in daily life?

<u>Response to Request 3:</u>

<u>Request 4:</u>

Does she know something about if the defendant Cem had taken alcohol every day, have she seen the defendant while getting alcohol when they had met?

<u>Response to Request 4:</u>

<u>Request 5:</u>

Does she know the reason/reasons why the plaintiff Ebru had returned to Turkey?

<u>Response to Request 5:</u>

<u>Questions to be asked Buse Unal dated 5/3/2015</u>

<u>Request 1:</u>

How long has she been in France?

<u>Response to Request 1:</u>

<u>Request 2:</u>

How long and how much has she known Cem Balkis?

<u>Response to Request 2:</u>

Request 3:

When she lived in France, how many times has she met with Cem Balkis and how long has these meetings taken?

Response to Request 3:

Request 4:

Has she witnessed any quarrels between Ms. Ebru and Mr. Cem? If she has, what was it about and what kind of a dialogue has she witnessed? If there had been a quarrel, how was the speaking genre of Mr. Cem and Ms. Ebru? Which of them has spoken more kindly and humourly?

Response to Request 4:

Request 5:

Has she witnessed any quarrel that necessitated a divorce between the parties except the material events and the things that Ms. Ebru had told to her?   What was the manner of Cem Balkis in those conversations? Has she witnessed any word or action that necessitated the divorce?  In light of their several meetings, what are her impressions about Cem Balkis? What has she seen about his manner, style, speech, courtesy and hospitality?

Response to Request 5:

Request 6:

During her meetings with Cern Balkis, has she ever heard any plaints or complaining from Mr. Cem about financial situation of his marriage and about Ms.Ebru? If she has, which statements has he used?  Has she listened to either Mr. Cem or Ms. Ebru that ever there had been problems among the parties or family problems?

Response to Request 6:

Request 7:

We request from her to describe Cem Balkis while he was drinking alcohol in every occasion where she had seen and in which occasions he had drunk alcohol?

Response to Request 7:

Request 8:

Has she ever seen Cem Balkis while drinking alcohol so far as getting drunk, putting into financial troubles his family and himself and being alcohol addict?

Response to Request 8:

-8-

Request 9:

Does the witness use drinks? If she does, it should be asked how often and how much does she use; how many glasses does Cem Balkis drink in order to determine whether it can be deemed a lot in daily life?

Response to Request 9:

Request 10:

What is the speaking level of French of Ms. Ebru? Does she have the command of use at the sufficient level to get residence permit in France and in which conditions has she got the chance to test and evaluate her opinion about her answer to this question? And with which education level, capacity and position could she made this evaluation?

Response to Request 10:

I declare under penalty of perjury that the information contained in this Execution Affidavit of Letter of Request is true and correct.

Dated: _____, New York
_____ \_\_\_, 2015

_____
Signature

_____
Print Name

Executed this \_\_\_ day of
_____, 20\_\_\_\_

_____
Notary Public

-10-

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
IN RE:                                          :        *EX PARTE* ORDER
                                                :
LETTER OF REQUEST FOR                           :        M 19-76
INTERNATIONAL JUDICIAL                          :
ASSISTANCE FROM THE TENTH                       :                        COPY
FAMILY COURT OF IZMIR, TURKEY                   :
IN THE MATTER OF EBRU BALKIS                    :
v. CEM BALKIS                                   :
-----------------------------------------------------x

WHEREAS, the United States of America, by its attorney, Preet Bharara, United

States Attorney for the Southern District of New York, on behalf of the Tenth Family Court of

Izmir, Turkey, is seeking to obtain information from Buse Unal in New Rochelle, New York, for

use in connection with a judicial proceeding pending in that court captioned "Ebru Balkis v. Cem

Balkis";

NOW THEREFORE, it is hereby ORDERED, pursuant to 28 U.S.C. § 1782(a)

and Rule 28(a) of the Federal Rules of Civil Procedure, that Leigh Wasserstrom, Assistant

United States Attorney, Southern District of New York, be and hereby is appointed as

Commissioner, to take such lawful steps as are necessary to obtain information from Buse Unal

and to submit said information to the United States Attorney for the Southern District of New

York for transmission to the United States Department of Justice or its designee.

IT IS FURTHER ORDERED that the United States Attorney's Office shall serve

American Express Travel Related Services Company Inc. with a copy of this Order and the

accompanying documents.

Dated: New York, New York
          _____ ____, 2015


                                        _____
                                        UNITED STATES DISTRICT JUDGE